**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 CR 151 |
| | ) | |
| v. | ) | Hon. J. Philip Calabrese |
| | ) | |
| YUE CAO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONS TO GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant, Yue Cao, by and through his undersigned attorneys, respectfully submits the following response to the government's Sentencing Memorandum (Dkt. 78):

Yue Cao objects to the government's eleventh-hour objection to the PSR, asking this Court to increase his offense level by 2 levels for the use of sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). By its own account, the enhancement was "neither identified by probation nor objected to by [it]". Dkt. 78, pg. 15. The first disclosure of the PSR was on June 5, 2026. Dkt. 74. It did not provide for a sophisticated means enhancement. The government did not object to the PSR within 14 days. *See* Fed. R. Crim. P. 32(f)(1); *see also* LCrR 32.2(b)(2) ("Within two (2) weeks of disclosure of the Presentence Report, the parties *shall*, in writing, provide the Probation Officer with any objections they may have as to any material information or sentencing guideline information contained in or omitted from the report, or with notice that there are no objections") (emphasis added). The objection, for the first time, came less than one

week before the sentencing hearing and more than 3 months after the initial PSR and 2 months after the final PSR. LCrR 32.2(c) ("No later than one (1) week prior to sentencing, the parties shall file with the Court any information required by the Court, and any information the parties intend to rely upon at the time of sentencing."). Although the government could make a new objection at any time prior to sentencing "for good cause", none has been shown here. Fed. R. Crim. P. 32(i)(1)(D); *see also* LCrR 32.2(d). The government has waived, or at least forfeited, its objection.

Regardless, the sophisticated means enhancement is inapplicable here because the conduct attributed to Mr. Cao was no "especially complex or especially intricate." U.S.S.G. § 2B1.1 cmt. n.9(B). The government posits that Mr. Cao "methodically enrolled many of them into online banking. This process involved establishing email accounts, usernames, and passwords for the victims. [He] then transferred money from the victims' accounts to various accounts including unauthorized, fictious accounts he created in the victims' names without their knowledge." Dkt. 78, pg. 16. This is commonplace in most bank fraud and identity theft cases. "[V]irtually all bank fraud will involve misrepresentation, which includes unauthorized acquisition and use of another's information." *United States v. Adepoju*, 756 F.3d 250, 257 (4th Cir. 2014) (citing *United States v. Archuletta,* 231 F.3d 682, 685–86 (10th Cir. 2000) (holding that the defendant's use of a false name and checks to obtain funds from a credit union constituted "evidence of nothing more than the minimum conduct required to establish a violation of [18 U.S.C.] § 1344 in its simplest form")). As such, to meet its burden of proving that Mr. Cao used sophisticated means, the government

must show that "the realm of especial complexities and intricacies involves more than the forgeries, misrepresentation, and concealment inherent in bank fraud." *Id. (citing United States v. Montano, 250 F.3d 709, 715 (9th Cir. 2001) (finding that because smuggling necessarily involves concealment, sophisticated means requires more than what is necessary to commit the crime)*).

Mr. Cao's alleged conduct identified by the government is not more complex than a baseline fraud of a similar kind. Opening bank accounts, using stolen PII, and making electronic transfers is conduct that is typically present in recent, similar prosecutions. If these steps were sufficient, this enhancement would apply in virtually every identity theft case now since online banking is essentially the norm. Sure, given the victims' ages in this case they did not have online banking, but that is outside the ordinary custom of people today. Creating email accounts, opening online banking accounts, and moving funds through electronic transfers require no special skill, knowledge, or planning. Such conduct certainly does not approach the level of complexity "such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means." U.S.S.G. § 2B1.1 cmt. n.9(B).

Using email addresses that anyone can open, opening bank accounts through standard procedures, and making transfers through ordinary online banking is not sophisticated, regardless of whether the alleged conduct is viewed individually or under a totality-of-the-circumstances analysis. As such, for all the reasons stated

above, the 2-level adjustment under § 2B1.1(b)(10) for use of sophisticated means is inapplicable.

Respectfully submitted,

***s/ Vadim Glozman***_______
*Attorney for Defendant Yue Cao*

GLOZMAN LAW
53 W. Jackson Blvd., Suite 1150
Chicago, IL 60604
(312) 726-9015
vg@glozmanlaw.com

Rhys B. Cartwright-Jones, Esq.
26 Market St., No. 304
Youngstown, OH 44503-1707
Tel.: 330-744-6454
rhys@cartwright-jones.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

s/ Vadim A. Glozman